**Justin D. Leonard**, OSB 033736
    Direct: 971.634.0192
    Email: jleonard@ml-llp.com
**McKITTRICK LEONARD LLP**
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
Fax: 971.634.0250

    Counsel for Petitioning Creditors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Dr. Bott LLC,**<br>    Debtor. | Case No. 14-32565-tmb11<br>**MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104** |

Petitioning creditors Baltic Latvian Universal Electronics, LLC dba Blue Microphones, iStabilizer, LLC, MarBlue, and Sewell Development Corporation (collectively, "**Petitioning Creditors**"[1]) reluctantly move for appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) to the extent the Debtor's members do not cooperate in regards to allowing the Debtor to fulfill its duties as Debtor-in-Possession. In support of this motion (the "**Motion**"), Petitioning Creditors state as follows:

### BACKGROUND

An Involuntary Chapter 11 Petition (the "**Petition**") was filed against Dr. Bott LLC (the "**LLC**") on May 1, 2014. The summons was served on May 2, 2014, and a motion or answer is due no later than Tuesday, May 27, 2014.[2] On May 16, 2014, Dr. Roderich Bott ("**Bott**") filed a motion for relief from stay (the "**Motion for Relief from Stay**"), Docket No. 12, seeking relief from stay to permit the continuation of proceedings in Multnomah County

---

[1]     The fifth petitioning creditor Design Pool Limited dba Native Union is a Hong Kong company. Although consent is anticipated, its Hong Kong-based legal counsel has not yet been able to confirm Design Pool Limited's consent to this motion.

[2]     The 24th day after service of the summons is Monday, May 26, 2014, which is a legal holiday. Pursuant to Fed. R. Bankr. P. 9006(a)(1)(C), the response period is extended to the following Tuesday.

Circuit Court Case No. 1112-15996, captioned *Dr. Bott LLC and Eric W. Prentice v. Dr. Roderich Bott* (the "**State Court Action**").  The Motion for Relief from Stay is set for a hearing in this Court on June 6, 2014.

According to the Motion for Relief from Stay and documents filed in support thereof, Bott owns a majority (75%) of the membership shares of LLC and Eric W. Prentice *(*"**Prentice**"*)* owns the remaining 25%.  However, Prentice is the LLC's operating manager.  Although the full scope of the claims asserted by Bott and Prentice in the State Court Action are not known by the Petitioning Creditors at this time, it is clear from the Motion for Relief from Stay that Bott and Prentice are engaged in a heated battle over control of the LLC.  Bott asserts in the State Court Action that Prentice has exceeded his scope of authority, engaged in self-dealing and gross mismanagement, and breached his fiduciary duty to the LLC.  Motions for summary judgment and a preliminary injunction to remove Prentice from control of the LLC await briefing in the State Court Proceeding.  Bott has also asserted counter claims for dissolution of the LLC.

The undersigned counsel understands that the firms representing Bott and Prentice in the LLC action may have incurred well over a million dollars in legal fees and costs. This amount does not even include the costs of the court-appointed examiner who investigated the LLC's operations and issued a report that purportedly found relatively few and minimal issues. The Petitioning Creditors have not yet seen the briefings by the parties or that independent examiner's report, and they are not taking a position in regards to the merits of the litigation. What the Petitioning Creditors do agree on is that the long-term litigation may have been a significant factor in distracting the LLC's management from its business, resulting in the LLC's current insolvency. The Petitioning Creditors are concerned that Bott's pending Motion for Relief from Stay threatens to distract the members (Prentice and Bott) from fulfilling the LLC's duties as a Debtor-in-Possession.

The Petitioning Creditors believe that Prentice and Bott each individually care about the creditors of the LLC and do not necessarily want to continue fighting. However, as

Page 2 of 4 –  MOTION FOR APPOINTMENT OF CHAPTER 11
TRUSTEE PURSUANT TO 11 U.S.C. § 1104

McKITTRICK LEONARD LLP
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
www.ML-LLP.com

their respective sides have suggested, there may be too much water under the bridge to stop the state court litigation now. Both Bott and Prentice and their respective state court attorneys have invested too much time and resources into the battle, and both sides seek vindication. Neither can afford to lose and potentially face a judgment that might include the other's attorney fees and costs. As Petitioning Creditors will further explain in their separately-filed Objection to Bott's Motion for Relief from Stay, the Court's stay is necessary in this case to prevent the significant distraction to the LLC's management – regardless of the appointment of a trustee. However, regardless of whether the Court grants relief from stay to allow the members to battle on for their hoped-for vindication and recover attorney fees in state court (and presumably then on appeal), the Petitioning Creditors reluctantly request the appointment of a chapter 11 trustee.[3]

## ANALYSIS

"Under the Bankruptcy Code, 'at any time after the commencement of the case but before confirmation of a plan, on request of a party in interest . . . and after notice and a hearing, the court shall order the appointment of a trustee - (1) for cause . . .; or (2) if such appointment is in the best interests of creditors.'" *In re Lowenschuss*, 171 F.3d 673, 685 (9th Cir. 1999) (quoting 11 U.S.C. § 1104(a)).[4] The existence of either of the two independent grounds set forth in § 1104(a) is sufficient to warrant the appointment of a trustee in a Chapter 11 case. *Id*.

---

[3] Petitioning Creditors do not want the case converted to chapter 7 at this time. The Petitioning Creditors elected to file a chapter 11 rather than chapter 7 involuntary petition because they believe they can recover more in a chapter 11 and hopefully avoid the dumping of the creditors' name-brand goods on the grey market. The Petitioning Creditors hope that through the Debtor's continued operations, the Debtor-in-Possession (or if necessary, a chapter 11 trustee) could sell substantially all of the business's assets or else arrange an orderly liquidation process for the Debtor's inventory.

[4] 11 U.S.C. § 1104(a) provides:
At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

Petitioning creditors have standing to move for such relief, and must do so to protect the creditors' interests until a committee of creditors can be appointed. For example, in *In re New Towne Dev., LLC*, 404 B.R. 140 (Bankr. M.D. La. 2009), the petitioning creditors in an involuntary Chapter 11 case filed a motion for appointment of a trustee under 11 U.S.C. § 1104(a)(1) and (a)(2). The bankruptcy court granted the motion and appointed a trustee, finding that – as here – a membership dispute had paralyzed the debtor's management, thus necessitating the installation of "a neutral third-party to operate the debtor unhampered by its members' disagreements." *New Towne*, 404 B.R. at 149.

Here, as in *New Towne*, the dispute between Bott and Prentice, the sole members of the LLC, has left the LLC effectively unable to manage itself. As a result, "cause" exists for appointment of a trustee in this Chapter 11 case. 11 U.S.C. § 1104(a)(1). Alternatively, even if "cause" for appointment of a trustee under Subsection (a)(1) of § 1104 did not exist, the appointment of a trustee is nevertheless warranted because it is in the "interests of creditors" of the Estate given the conflict between Bott and Prentice over the management and operation of the LLC. 11 U.S.C. § 1104(a)(2).

Petitioning creditors respectfully request a hearing to address this Motion, as well as their Objection to Bott's Motion for Relief from Stay that will be filed shortly. To the extent Bott and Prentice fail to demonstrate that they will cooperate in regards to fulfilling their LLC's duties as a Debtor-in-Possession by that hearing, the Petitioning Creditors then reluctantly request the Court's entry of an order directing appointment of a trustee in this chapter 11 case.

DATED: May 22, 2014.

McKITTRICK LEONARD LLP

By: /s/ Justin D. Leonard
Justin D. Leonard, OSB 033736
Counsel for Petitioning Creditors

---

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

## CERTIFICATE OF SERVICE

      I certify that on the date below, I will cause this **MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104** to be served on interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following parties requesting notice by mail:

Dr. Bott LLC
c/o Garvey Schubert Barer
Attn: Gary I Grenley
121 SW Morrison St 11th Fl
Portland, OR 97204

Eric Prentice
9730 SW Hillman Ct #600
Wilsonville, OR 97070

DATED: May 22, 2014.

                                            By: /s/ Justin D. Leonard
                                                  Justin D. Leonard, OSB 033736