**Justin D. Leonard**, OSB 033736
   Direct:  971.634.0192
   Email:  jleonard@ml-llp.com
**McKITTRICK LEONARD LLP**
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
Fax:  971.634.0250

Counsel for Petitioning Creditors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Dr. Bott LLC,**<br>Debtor. | Case No. 14-32565-11<br>**PETITIONING CREDITORS' OBJECTION TO DR. RODERICH BOTT'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br>**HEARING ON JUNE 4, 2014 AT 1:30 PM** |

Petitioning creditors Baltic Latvian Universal Electronics, LLC dba Blue Microphones, Design Pool Limited dba Native Union, iStabilizer, LLC, MarBlue, and Sewell Development Corporation, (collectively, "**Petitioning Creditors**"[1]) hereby respond and object to the Notice of Motion for Relief from Automatic Stay In a Chapter 11/12 case, and of Hearing Thereon (the "**Motion**") filed by Dr. Roderich Bott ("**Bott**") on May 16, 2014 (Doc. 12).  In support of this objection, Petitioning Creditors state as follows:

## BACKGROUND

An Involuntary Chapter 11 Petition (the "**Petition**") was filed against Dr. Bott LLC (the "**LLC**" or "**Debtor**") on May 1, 2014.  The summons was served on May 2, 2014, and a motion or answer is due no later than Tuesday, May 27, 2014.[2]  Bott seeks relief from stay to permit the continuation of proceedings in Multnomah County Circuit Court Case No. 1112-15996,

---

[1]  The fifth petitioning creditor Design Pool Limited dba Native Union is a Hong Kong company. Although consent is anticipated, its Hong Kong-based legal counsel has not yet been able to confirm Design Pool Limited's consent to this specific response.

[2]  The 24th day after service of the summons is Monday, May 26, 2014, which is a legal holiday. Pursuant to Fed. R. Bankr. P. 9006(a)(1)(C), the response period is extended to the following Tuesday.

captioned *Dr. Bott LLC and Eric W. Prentice v. Dr. Roderich Bott* (the "**State Court Action**"). The Motion for Relief from Stay is set for a hearing in this Court on June 6, 2014.

According to the Motion for Relief from Stay and documents filed in support thereof, Bott owns a majority (75%) of the membership shares of LLC and Eric W. Prentice *(*"**Prentice**"*)* owns the remaining 25%. However, Prentice is the LLC's operating manager. Although the full scope of the claims asserted by Bott and Prentice in the State Court Action are not known by the Petitioning Creditors at this time, it is clear from the Motion for Relief from Stay that Bott and Prentice are engaged in a heated battle over control of the LLC.[3] Bott asserts in the State Court Action that Prentice has exceeded his scope of authority, engaged in self-dealing and gross mismanagement, and breached his fiduciary duty to the LLC. Motions for summary judgment and a preliminary injunction to remove Prentice from control of the LLC await briefing in the State Court Proceeding. Bott has also asserted counterclaims for dissolution of the LLC.

The undersigned counsel understands that the firms representing Bott and Prentice in the State Court Action may have incurred well over a million dollars in legal fees and costs. This amount does not even include the costs of the court-appointed examiner who investigated the LLC's operations and issued a report that purportedly found relatively few and minimal issues. The Petitioning Creditors have not yet seen the pleadings by the parties or that independent examiner's report, and they are not taking a position in regards to the merits of the litigation. What the Petitioning Creditors do agree on is that the long-term litigation may have been a significant factor in distracting the LLC's management from its business, resulting in the LLC's current insolvency. The Petitioning Creditors are concerned that Bott's pending Motion for Relief from Stay, if granted, will continue to distract the members (Prentice and Bott) from fulfilling the LLC's duties as a Debtor-in-Possession ("**DIP**").

---

[3] The full extent of the claims asserted in the State Court Action are unknown, because Bott has not provided this Court with the complaint filed in that action and has only provided an excerpt of his Third Amended Answer; Affirmative Defenses; and Counterclaims.

On May 22, 2014, Petitioning Creditors reluctantly filed a Motion for Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. §1104 (the "**Motion to Appoint Trustee**"). The continuation of the stay is necessary even if the Court grants this Motion to Appoint Trustee. If the State Court Action is permitted to proceed, it will continue to distract Bott and Prentice, the sole members of the LLC, from cooperating with the Trustee as the Trustee attempts to get up-to-speed with the LLC's business. Without Bott's and Prentice's cooperation, the Trustee's administrative costs and expenses will be considerably more, at the expense of the creditors that both Bott and Prentice purportedly want to help.

The Petitioning Creditors have been informed and believe that Prentice and Bott each individually care about the creditors of the LLC, and they do not necessarily want to continue fighting. However, as their respective sides have suggested, there may be too much water under the bridge to voluntarily stop now. It seems that both Bott and Prentice and their respective state court attorneys have invested too much time and resources into the battle, and both sides now require vindication. Neither can afford to lose and potentially face a judgment that might include the other's attorney fees and costs. However, regardless of what the members want, at least at this formative time in this chapter 11 case, the automatic stay is necessary to prevent further harm to the Debtor from the State Court Action.

## ANALYSIS

Bott seeks relief from stay pursuant to 11 U.S.C. § 362(d)(1), which provides that, after notice and a hearing, the court shall grant relief from the stay "for cause[.]" What constitutes "cause" under § 362(d)(1) is determined on a case-by-case basis. *In re MacDonald*, 755 F.2d 715, 716 (9th Cir. 1985). However, Bott cannot meet his burden of showing that cause exists to lift the stay in this case. Continuation of the stay is absolutely necessary to the effective administration of this case because the DIP will not be able to fulfill its duties under the Code if the State Court Action is permitted to rage on. "'In a bankruptcy context, irreparable harm may be discerned if the action sought to be enjoined would so consume the time, energy and resources of the debtor

that it would substantially hinder the debtor's reorganization effort.'" *In re Continental Airlines*, 177 B.R. 475, 481 n. 6 (D. Del. 1993) (quoting *Sudbury, Inc. v. Escott*, 140 B.R. 461 (Bankr. N.D. Oh. 1992)).[4]

The facts of the cases cited by Bott in the Motion for Relief from Stay are distinguishable from this unusual situation. None of the cases cited by Bott involves a motion for relief from stay to permit the continuation of litigation among and between a debtor/business entity and its members/owners. In fact, when read in light of their facts, the cases relied on by Bott appear to support Petitioning Creditors' objection.

Bott cites *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551 (C.D. Ca. 2004) for the proposition that courts have found cause to lift the stay and permit pending litigation to be concluded in another forum "if the non-bankruptcy suit involves multiple parties or is ready for trial." Motion for Relief from Stay, 4:11-12. In *Plumberex*, the court denied a motion for relief from stay to permit the initiation of a separate federal court contempt proceeding arising out of earlier litigation between the debtor and a third party. In so doing, the court noted the that the proposed separate proceeding directly involved the debtor and thus would undeniably interfere with the bankruptcy case by, among other things, distracting from the debtor's ability and obligation to propose a plan of reorganization. *Id.* at 562-63.

Here, the Debtor is an actual party in the State Court Action; the other two parties are insiders of Debtor who are fighting for control of the Debtor. Therefore, relief from the stay is not appropriate because the State Court Action directly implicates and involves the Debtor and

---

[4] This reasoning also applies to the members themselves. Even if the Debtor was not a party to the State Court Action, the Petitioning Creditors believe that the battle will distract both Prentice and Bott from operating the Debtor at this critical time. A stay of litigation is essential here, even if Bott proposes to sever and abate as to the Debtor. Assuming severing the Debtor from the State Court Action was possible, then Petitioning Creditors would request from this Court a preliminary injunction, which would ensure the focus of Bott and Prentice as key parties. *See, e.g., In re Lomas Fin. Corp.*, 117 B.R. 64, 66 (S.D. N.Y. 1990) (holding that an injunction from collection actions is appropriate to avoid distractions for the DIP's officer and key staff member). Such an injunction to protect the members and manager would be particularly warranted as to the State Court Action because that litigation is unnecessary to the effective administration of the bankruptcy case, as described further below.

its insiders. In contrast, see *In re Fiedler*, 34 B.R. 602 (Bankr. D. Co. 1983) (deciding that cause to lift the stay existed where pending state court litigation involved numerous outside parties over whom the bankruptcy court's jurisdiction was questionable, and the state court proceedings had progressed to the point where the parties were prepared for trial) and *In re Mego International, Inc.*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (concluding that the court may lift stay if action bears little relation to the bankruptcy case, such as where the action essentially involves third parties and resolution of the issue in no way frustrates the orderly distribution of assets of the estate).

Cause for lifting the stay may exist where a state court trial of dispositive issues is "imminent" as in *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990). However, trial is not "imminent" here. Bott has not provided the Court or Petitioning Creditors with copies of the pertinent motions, but it seems unlikely that any state court resolution could be imminent as compared with the quickly draining funds of the Estate. The motions for summary judgment and a preliminary injunction have not even been scheduled. It is quite possible that the State Court may actually deny one or both of Bott's motions and that trial will be necessary. Furthermore, an appeal of any decision (whether by summary judgment or trial) is quite likely. Meanwhile, all funds will have been drained from the Estate, which is exactly what the creditors had hoped to avoid by filing the involuntary petition.

Judicial economy is a factor to be considered by a court when deciding whether to lift the stay. *Plumberex*, 311 B.R. at 557. In light of the facts just presented, considerations of judicial economy do not weigh in favor of lifting the stay. The Court does not need a decision from the state court on whether Prentice, as the so-called "Operating Manager" of the Debtor, has management authority. Bott himself acknowledges this. See Bott Decl. ¶ 4 (Doc. 12, at p. 9) ("Prentice is the Operating Manager responsible for conducting the 'day-to-day Operations' of the LLC…").

Therefore, as the undisputed Operating Manager, Prentice has a duty to manage the LLC during the chapter 11 case. There is no immediate "Major Decision" to be made at this time that would require the members' agreement – particularly in the process of filing the Debtor's Schedules and the Statement of Financial Affairs and appearing at the Meeting of Creditors to be questioned by the creditors and other interested parties. *See* Operating Agreement (Doc. 12, p.14), ¶ 4.2 (defining "Major Decision" as amending the Operating Agreement, acquiring real property, selling all or substantially all of the assets, executing certain leases, or improving real property).

If Bott or others determine that Prentice is not causing the LLC to fulfill the DIP's duties while under scrutiny of the Office of the United States Trustee of the Department of Justice, the creditors, and the Court and/or if Bott is not appropriately consulted by Prentice during the case as required under the Operating Agreement (such as regarding a motion to sell all of the debtor's assets), then the Court can at that time appoint a trustee to manage the Debtor. However, the Debtor and the Court do not need a ruling in the State Court Action to have the case proceed, and allowing the members' battle to rage on will only distract from administration of this case. In the case, Bott – like the creditors – will have significant oversight of the Debtor, and the ability to investigate the Debtor's prior activities and transfers. Therefore, Bott's fight for control of and information from the Debtor in the State Court Action is no longer necessary.

Bott cites *In re Santa Clara Cnty. Fair Ass'n, Inc.*, 180 B.R. 564, 566 (9th Cir. BAP 1995) for the proposition that "a court will not ordinarily deny relief from a stay based on litigation costs to the debtor or bankruptcy estate." Motion for Relief from Stay, 5:24-25. However, one of the key purposes of the automatic stay is to prevent the dissipation of the bankruptcy estate. *Santa Clara,* 180 B.R. at 566. Therefore, it is entirely appropriate for a court to consider litigation costs when evaluating whether to grant a motion to lift the stay to permit the continuation of state court proceedings. For example, in *Edmondson v. America West Airlines*, 148 B.R. 920 (Bankr. D. Az. 1993), another case cited by Bott, the court granted a motion for relief from stay to

allow the service of an amended complaint in a sexual harassment lawsuit filed by a former employee of the debtor. In that case, the bankruptcy court only lifted the stay after it had determined that defense of the suit would not place a great burden on the estate or affect the debtor's ability to successfully reorganize, given the "*de minimis*" nature of the fees required to defend the suit in the context of the bankruptcy case as a whole. *Id*. at 923. Here, the costs, both financial and otherwise, of the continuation of the State Court Action can in no way be characterized as *de minimis*. In fact, the creditors are concerned that the State Court Action may be the primary cause of the Debtor's current insolvency.

Other factors discussed in the case law and listed by Bott in the Motion for Relief from Stay likewise weigh against lifting the stay. Bott has not demonstrated a probability of success on the merits. Although the issues to be decided in the State Court Action may be primarily issues of state law, there is no indication that the State Court Action involves intricate, ambiguous, or undecided questions of state law that would be beyond the capacity of this Court to decide. Furthermore, it may be that at some point this Court will determine that it is appropriate for the State Court Action to proceed, at least as to some of the claims asserted in that action. However, at this early stage in the chapter 11 case, the "[c]ourt should first address the threshold bankruptcy law issues" before considering relief from the stay. *America West*, 148 B.R. at 923.

For the reasons discussed above, "great prejudice" to the Debtor will result from a continuation of the State Court Action at this time. *Id.* Therefore, the Petitioning Creditors respectfully request that the Court deny the Motion.

DATED:  May 23, 2014.

McKITTRICK LEONARD LLP

By: /s/ Justin D. Leonard
    Justin D. Leonard, OSB 033736
Counsel for Petitioning Creditors

## CERTIFICATE OF SERVICE

      I certify that on the date below, I caused this **PETITIONING CREDITORS' OBJECTION TO DR. RODERICH BOTT'S MOTION FOR RELIEF FROM AUTOMATIC STAY** to be served on interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following parties requesting notice by mail:

    Dr. Bott LLC
    c/o Garvey Schubert Barer
    Attn: Gary I Grenley
    121 SW Morrison St 11th Fl
    Portland, OR 97204

    Eric Prentice
    9730 SW Hillman Ct #600
    Wilsonville, OR 97070

DATED:  May 23, 2014.

By: /s/ Justin D. Leonard
     Justin D. Leonard, OSB 033736