Tara J. Schleicher, OSB #954021
tschleicher@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044

    Attorneys for Dr. Roderich Bott

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 14-32565-tmb11 |
|---|---|
| Dr. Bott, LLC, | DR. RODERICH BOTT'S RESPONSE TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE (DKT. NO. 14) |
| Debtor. | |

Dr. Roderich Bott ("Bott") hereby responds to petitioning creditors Baltic Latvian Universal Electronics LLC, iStablizer LLC, MarcBlue, and Sewell Development Corporation's (collectively "Petitioning Creditors") motion to appoint a Chapter 11 trustee (Doc. No. 14) (the "Motion"). Bott does not take a position at this time regarding the appointment of a trustee. Such an appointment may be warranted given the below described facts. Bott may take a position after an unsecured creditors committee is appointed and has had a chance to consider the Motion.

The Motion is based on the notion that Dr. Bott LLC's ("LLC" or "Debtor") management is ineffective due to lack of cooperation between Eric W. Prentice and Bott. That is not an adequate description of the situation, nor is it the source of the management issues of the LLC. This response addresses both of those issues and is supported by the Declarations of Katherine Heekin ("Heekin Dec.") and Tara Schleicher ("Schleicher Dec."), filed herewith.

Page 1 of 5 -    DR. RODERICH BOTT'S RESPONSE TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE (DKT. NO. 12)
P:\DOCS\DRBOTT\07047\PLDG\3IS3646.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**A. Prentice's Current Management of the LLC is Highly Concerning and Not in the Best Interest of the Creditors.**

Evidence obtained in the state court litigation establishes that Prentice has a long history of managing the LLC in a manner that is <u>not</u> in the best interest of its creditors. Most pointedly, Prentice is not operating the LLC using general accepted accounting principles ("GAAP"). Heekin Dec., Ex. 1, ¶ 6.1 (Note that the Operating Agreement requires the use of GAAP to be "consistently applied."); Heekin Dec., ¶ 3 and Ex. 2 (Declaration of Bill Douglass). Additionally, the LLC seems to suggest that the fraud examiner's report does not find substantial problems. That is not accurate.

On December 8, 2012, Ms. Morones provided her sixth and final status report regarding her analysis of credit card transactions incurred by the LLC between 2007 and 2012. *Id.*, ¶ 7, Ex. 7. Significantly, she concluded 48 transactions totaling $12,249 were clearly Mr. Prentice's personal charges and 1,118 transactions totaling $247,126 were "discretionary charges." *Id.,* Ex. 7 at 2. She explained discretionary expenses "may have a business connection, but could also be considered a personal expense, depending on the amount and circumstances of the expenditure." *Id.* at 3. In other words, she could not determine whehter roughly a quarter million dollars worth of credit card charges were Mr. Prentice's personal expenses or business expenses. For another 136 transactions totaling $31,633, she could not draw a conclusion "about whether the transactions were business expenses, discretionary expenses or personal expenses." *Id.* at 2, 4. She categorized "auto expense, all meals, entertainment, iTunes purchases, travel expense within portions of vacations and some clothing purchases" as discretionary. *Id.* at 4. She wrote "without more clear evidence, it is difficult to judge whether the total amount and frequency of the expense is business related." *Id.*

Ms. Morones also found that the LLC lacked "clear procedures and internal controls regarding use of company cards." ECF. No. 21 ¶ 27. Among other things, the "LLC does not use expense budgets, credit card limits or any other controls to limit spending on the

Page 2 of 5 -    DR. RODERICH BOTT'S RESPONSE TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE (DKT. NO. 12)
P:\DOCS\DRBOTT\07047\PLDG\3IS3646.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

cards." *Id.* at ¶22. Bill Douglas, president of Cost Advisors, Inc. reviewed the state court fraud examiners report and related documentation of the LLC's accounting practices for credit card charges. Heekin Dec., ¶ 3, Ex. 2. Despite the LLC's substantial use of credit cards, it failed to have a formal policy, retain receipts, or other information necessary to adequately substantiate or distinguish individual from business charges. *Id.*, Ex. 2, ¶ 6-9, 11 (identifying $70,877 in particularly "questionable expenses."). Douglas tested $210,386 in credit card charges for IRS compliance and found that $125,259 of those charges failed the test. *Id.*, Ex. 2; ¶ 8. Douglas also pointed out that Prentice commingled assets over the years by using company funds to buy vehicles that were titled in Prentice's name but listed as the LLC's assets on the LLC's fixed asset list. *Id.* Ex. 2, ¶ 21-23.

More recently and pertinently, the information provided on the draft Statement of Financial Affairs ("SOFA") by Prentice seems highly questionable. Just one example of that has to do with the compensation listed in the SOFA. The original SOFA listed Prentice's compensation received in the last year as over $520,000 (paying apparently back wages of 2012 ($248,369), 2013 ($243,453) 2014 ($30,876) and listed the compensation of COO Mark Balsiger at $329,270. *Id.*, Ex. 3. Upon receiving the initial version, counsel for Bott sought clarification about the income listed. Schleicher Dec., ¶ 2. Without providing any explanation or response, counsel for the LLC, Joe Field ("Field") listed completely different compensation numbers for the same time period for both Prentice (from $522,698 on first version to $113,605.15 on second version) and Balsiger ($329,270 to $196,072.78). *Id.*; Ex. 4. There are also issues with the inventory figures.

Of course, without the ability to review the LLC's financial records and W-2s, K-1s, or 1099s for Prentice and Balsiger, it is unclear whether the information provided on the schedules is accurate. Furthermore, the state court's order disqualifying the LLC's lawyers that Prentice hired to sue for a buy-out of Bott's interest as his first act of self-defense against Bott's allegations in November 2011, over two years ago, that he was grossly mismanaging the LLC

Page 3 of 5 -    DR. RODERICH BOTT'S RESPONSE TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE (DKT. NO. 12)
P:\DOCS\DRBOTT\07047\PLDG\3IS3646.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

and engaging in self-dealing presumptively establishes that Prentice wasted $1,000,000 in company funds on those lawyers and fatally delayed any chance at slavaging the LLC as a going concern. Thus, he cannot effectively manage or make decisions for the LLC thoroughout this bankruptcy process. Even more importantly, he has no authority to do so.

**B. Bott has been Precluded from Participating in LLC Decisions.**

Despite Bott's continued attempts to participate in the management of the LLC, he has been frozen out by minority owner Eric W. Prentice and the LLC's purported attorneys. These actions are in clear contravention of the LLC's Operating Agreement. Field takes the position that he is to take direction from Prentice.. Pursuant to the LLC's Operating Agreement, Prentice alone "does not have any authority" to make a "major decision" without "prior written approval or consent of a Majority of the Members." Heekin Dec., ¶ 2 Ex. 1, ¶ 4.2. Given Bott's 75% ownership interest, the ability to make major decisions rests with him. Prentice simply has the "right to manage the day-to-day operations of the Company." *Id.* at Ex. 1, ¶ 4.1.1. Nonetheless, <u>without eliciting any input from Bott</u>, Field sent an email to counsel for the Petitioning Creditors indicating the LLC's position on several <u>major</u> decisions, stating,

My client, per its managing member Eric Prentice:
1) Wants to move ahead with a chapter 11 liquidation;
2) Opposes continued state court litigation;
3) Favors a walk-away of disputes between Dr. Bott, LLC and its owners;
4) Supports appointment of a creditors' committee charged with investigation and litigation of insider and disgorgement claims;
5) If a committee is not interested in these tasks, supports the appointment of an examiner;
6) If an examiner finds fault, supports the appointment of a chapter 11 trustee to litigate against any at-fault party or parties.

*Id.*, ¶ 3 Ex. 5 (Field simply cc-ed Bott and his counsel on his email expressing the purported positions of the LLC.) There can be absolutely no question that these are not "day-to-day" operational decisions. They are specialized decisions fundamentally affecting the future of the

Page 4 of 5 -    DR. RODERICH BOTT'S RESPONSE TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE (DKT. NO. 12)
P:\DOCS\DRBOTT\07047\PLDG\3IS3646.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  LLC. For instance, a Chapter 11 liquidation involves selling all or substantially all of the LLC's
2  assets. That is explicitly called out as a "major decision" in the Operating Agreement. *Id.*, Ex. 1,
3  ¶ 4.2.3.
4      Also disturbingly, the LLC has repeatedly refused to provide requested
5  documents to Bott. Heekin Dec., ¶ 6. Throughout the state court lawsuit and since, Bott has
6  requested financial information and other pertinent LLC documentation. *Id.* In response, the
7  LLC shared almost no financial documentation prior to the bankruptcy and limited information
8  since. *Id.* Most recently, the LLC obtained a legal ethics opinion letter regarding Prentice's
9  practice of withholding such documents from Bott under the guise of protecting attorney-client
10 privilege. *Id.,* Ex. 6. The letter should be interpreted as advising the LLC attorney not to make
11 "major decisions" without the consent of Bott per the Operating Agreement. Field is apparently
12 interpreting that letter and the Operating Agreement to mean that he does not need to elicit
13 consent from Bott and can move forward with any decision (major or otherwise) unless Bott
14 objects and obtains a court order requiring Bott's consent.
15     Dated: June 5, 2014.
16                FARLEIGH WADA WITT

18 By: /s/ Tara J. Schleicher
   Tara J. Schleicher, OSB #954021
   (503) 228-6044
19 tschleicher@fwwlaw.com
   Of Attorneys for Dr. Roderich Bott

Page 5 of 5 -    DR. RODERICH BOTT'S RESPONSE TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE (DKT. NO. 12)
P:\DOCS\DRBOTT\07047\PLDG\3IS3646.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2014 I electronically filed the foregoing DR. RODERICH BOTT'S RESPONSE TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE (DKT. NO. 14), DECLARATION OF KATHERINE HEEKIN IN SUPPORT OF DR. RODERICH BOTT'S RESPONSE TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE (DKT. NO. 14) and DECLARATION OF TARA J. SCHLEICHER IN SUPPORT OF DR. RODERICH BOTT'S RESPONSE TO PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE (DKT. NO. 14) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- CONDE T COX    ccox@lbblawyers.com, JQueener@lbblawyers.com
- JOSEPH A FIELD    joe@fieldjerger.com, koren@fieldjerger.com
- JUSTIN D LEONARD    jleonard@ml-llp.com, ecf@ml-llp.com; jleonard@pacernotice.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Dr. Bott LLC  
c/o Garvey Schubert Barer  
Attn: Gary I Grenley  
121 SW Morrison St 11th Fl  
Portland, OR 97204

Eric Prentice  
9730 SW Hillman Ct #600  
Wilsonville, OR 97070

Dated: June 5, 2014.

FARLEIGH WADA WITT

By: /s/ Tara J. Schleicher  
Tara J. Schleicher, OSB #954021  
(503) 228-6044  
tschleicher@fwwlaw.com  
Attorneys for Dr. Roderich Bott

Page  1 – CERTIFICATE OF SERVICE

P:\DOCS\DRBOTT\07047\PLDG\3IS6902.DOC

*FARLEIGH WADA WITT*  
Attorneys at Law  
121 SW Morrison Street, Suite 600  
Portland, Oregon 97204-3136  
Telephone: (503) 228-6044  
Facsimile: (503) 228-1741