M. Vivienne Popperl, OSB #853055
Office of the United States Trustee
620 SW Main Street, Suite 213
Portland, OR 97205
Telephone: (503) 326-7656

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | Case No. 14-32565-tmb11 |
|---|---|
| Dr. Bott LLC, | UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 11 U.S.C.§ 1104 |
| Debtor. | |

The Acting United States Trustee for Region 18, Gail Brehm Geiger ("UST"), by and through her counsel, M. Vivienne Popperl, moves this court for entry of an order directing the appointment of a chapter 11 trustee under 11 U.S.C. § 1104 because the owners of the debtor appear to be mired in litigation over control of the debtor, and, as a result, no clear managerial authority exits to provide direction to the debtor's counsel or steer the debtor through the shoals of a chapter 11 bankruptcy case. In support of this motion, the UST respectfully represents as follows:

1. An involuntary chapter 11 petition was filed against the debtor on May 1, 2014. On May 27, 2014, the order for relief was entered.

2. As of the date of filing of this motion, the UST has not formed a committee of unsecured creditors.

Page 1 - UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 11 U.S.C.§ 1104.

3. The meeting of creditors pursuant to 11 U.S.C. § 341(a) is scheduled for July 1, 2014.

4. Pursuant to 11 U.S.C. § 307, the UST may raise, appear and be heard on any issue in any case or proceeding under title 11.

5. The debtor was founded in 1999 by Dr. Roderich Bott ("Bott") and Eric Prentice ("Prentice").  Bott owns 75 % of the debtor.  Prentice owns 25% and is the managing member of the debtor.

6. The debtor is a distributor that provides manufacturers with an avenue to offer their products to Apple, Inc. to sell as accessories to its products.

7. In 2011, Bott became concerned that Prentice may have breached his fiduciary duties.  He demanded that the debtor take action against Prentice.

8. The debtor and Prentice responded by filing suit against Bott.  Lengthy and acrimonious litigation ensued.  Bott and Prentice have not cooperated on management issues.  This inability to cooperate has continued postpetition.

9. On May 22, 2014, the group of creditors who had initiated the involuntary case "reluctantly"  filed a motion for appointment of a chapter 11 trustee "to the extent the debtor's members do not cooperate in regards to allowing the debtor to fulfill its duties as a debtor in possession." *See Motion For Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104* filed by the petitioning creditors.  (Doc. No. 14).

## ANALYSIS

Section 1104(a) of the Bankruptcy Code provides that the court may order the appointment of a trustee at any time after commencement of the case but prior to confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing. 11 U.S.C. § 1104 (a).  This provision sets forth two grounds for the appointment of a trustee:


> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause …or
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, . . . .

11 U.S.C. § 1104(a)(1), (2).[1]

The Bankruptcy Code does not define what constitutes "cause." Rather, it provides an illustrative, but not exhaustive, list of what grounds can be cause. As a result, cause for appointment of a trustee can be something other than the specific listing provided in section 1104(a)(1). Moreover, subsection 1104(a)(2) provides the court with "particularly wide discretion" to direct appointment of a trustee even absent wrongdoing or mismanagement. *In re Bellevue Place Associates*, 171 B.R. 615, 623 (N.D. Ill. 1994); *accord In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988).

Determinations made pursuant to section 1104 of the Bankruptcy Code are fact intensive and must be made on a case by case basis. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3d Cir. 1989). In making its determination, the court may examine both pre- and postpetition conduct. *In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988). "Cause" may include the existence of a membership dispute paralyzing the debtor's management. *See In re New Towne Dev., LLC*, 404 B.R. 140 (Bankr. M.D. La. 2009).

The court's record in this case is replete with information regarding the dispute

---

[1] Although a number of courts have held that grounds for the appointment of a trustee must be established by "clear and convincing" evidence, those courts typically rely on decisions predating the Supreme Court's ruling in *Grogan v. Garner*, 498 U.S. 279, 286 (1991), in which the court ruled that when Congress does not specify the burden of proof in the Bankruptcy Code, the burden should generally be preponderance of the evidence: Congressional "silence is inconsistent with the view that Congress intended to require a special, heightened standard of proof." 489 U.S. at 286. Thus, the better view, the one adopted in more recent cases, is that *Grogan* applies and motions to appoint a trustee are governed by a preponderance of the evidence standard. *See In re Tradex Corp.*, 339 B.R. 823, 829-32 (D. Mass. 2006).

between Bott and Prentice, the sole members of the debtor. As a result of this dispute, it appears that the debtor is unable to manage itself and "cause" exists for the appointment of a chapter 11 trustee. Even if "cause" for appointment of a chapter 11 trustee did not exist, the appointment of a chapter 11 trustee is warranted because it is in the "interests of creditors." *See Motion For Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104* filed by the petitioning creditors. (Doc. No. 14).

The court has scheduled a hearing on the petitioning creditors' motion (Doc. No. 14) on June 18 at 10:00 a.m. The UST respectfully requests that the court consider this motion at the same time.

Wherefore, the UST respectfully requests that the court enter an order directing the appointment of a chapter 11 trustee in this case, or providing for such other relief as the court may deem just and proper.

DATED this **12**th day of **June 2014**.

Respectfully submitted,
GAIL BREHM GEIGER
Acting United States Trustee for Region 18


/s/ M. Vivienne Popperl
M. Vivienne Popperl, OSB #853055
Acting Assistant United States Trustee

# CERTIFICATE OF SERVICE

I hereby certify that on **June 12, 2014**, I served a copy of the foregoing UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 11 U.S.C.§ 1104 by mailing a copy of this document, by United States first-class mail, postage prepaid, addressed to the following:

Dr. Bott LLC
c/o Garvey Schubert Barer
Attn: Gary I Grenley
121 SW Morrison St 11th Fl
Portland, OR 97204

Eric Prentice
9730 SW Hillman Ct #600
Wilsonville, OR 97070

                                              GAIL GREHM GEIGER
                                              Acting United States Trustee for Region 18

                                              /s/ M. Vivienne Popperl
                                              M. Vivienne Popperl, OSB #853055
                                              Trial Attorney