**Justin D. Leonard**, OSB 033736
    Direct:  971.634.0192
    Email:   jleonard@ml-llp.com
**McKITTRICK LEONARD LLP**
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
Fax:  971.634.0250

    Counsel for Petitioning Creditors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Dr. Bott LLC,**<br>                    Debtor. | Case No. 14-32565-tmb11<br>**PETITIONING CREDITORS' REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104**<br>**HEARING:  JUNE 18, 2014 @ 10:30 AM** |

        On May 22, 2014 (approximately three weeks after filing the involuntary petition on May 1, 2014), petitioning creditors Baltic Latvian Universal Electronics, LLC dba Blue Microphones, iStabilizer, LLC, MarBlue, and Sewell Development Corporation (collectively, "**Petitioning Creditors**"[1]) reluctantly moved on for appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) based primarily on the ongoing battles between the members of the Debtor. *See* Motion, Doc. 14. By then, the member/LLC disputes had already caused significant delays in the case, including the Debtor's failure to file the Schedules, Statement of Financial Affairs, and Creditor Matrix as promptly as Debtor had previously represented to the Petitioning Creditors.

        The Court set a hearing on the Petitioning Creditors' Motion for June 18, 2014. The Petitioning Creditors gave notice of the hearing to all creditors and other interested parties. *See* Notice of Hearing filed on June 3, 2014 (Doc. 36), which was served on the entire creditor

---

[1]     The fifth petitioning creditor Design Pool Limited dba Native Union is a Hong Kong company that did not express support or opposition to the Motion and has not actively participated in the case.

**Page 1 of 5 –  PETITIONING CREDITORS' REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104**

McKITTRICK LEONARD LLP
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
www.ML-LLP.com

matrix and all interested parties requesting notice. As of the filing of this Reply, no objections have been filed to the Petitioning Creditors' Motion.

By their actions in this case, the Petitioning Creditors have attempted to represent the creditors' interests as a whole. First, the Petitioning Creditors filed and prosecuted the involuntary petition to put the Debtor under the jurisdiction of the Bankruptcy Court and to provide some needed transparency to the creditor body, including regarding the concerning state court litigation that appears to have drained Debtor's resources and its management's attention. The Petitioning Creditors then arranged with Debtor's counsel to accelerate the usual timeline set for involuntary debtors so that Schedules, Statement of Financial Affairs, and Creditor Matrix could be more quickly filed and the creditors could receive prompt notice of the case and information on the Debtor's status. However, the members' feud caused significant delay in those filings.[2] In the midst of the discussions of the draft schedules, Roderich Bott filed a Motion for Relief from Stay to continue the state court litigation among the members and Debtor. In response, Petitioning Creditors reluctantly filed the Motion to Appoint Trustee, as well as a successful Objection to Roderich Bott's Motion for Relief from Stay.

The Petitioning Creditors had hoped that a Committee of Unsecured Creditors would have been appointed by now to take over and provide more official and formal guidance to the Court in regards to whether the creditors believe a trustee is warranted. The Office of the U.S. Trustee (the "**UST**") held an organizational meeting on June 10, 2014. Unfortunately, no committee has been formed. Instead, on June 12, 2014, the UST filed its own Motion to Appoint a Chapter 11 Trustee (Doc. 46).

The Petitioning Creditors are not necessarily unified in all matters and have somewhat differing perspectives on important issues in the case, including:

---

[2]    Meanwhile, Petitioning Creditors and their counsel have been contacted by a number of creditors and their attorneys (including pro-Bott creditors critical of the Petitioning Creditors' actions) requesting information about the Debtor's status. Counsel created a list of these creditors and interested parties that is continuously updated. Throughout this case, counsel regularly sends informal updates and case filings by email to this list. Counsel intends to send such updates until a committee or trustee can take over.

Page 2 of 5 – PETITIONING CREDITORS' REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104

McKITTRICK LEONARD LLP
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
www.ML-LLP.com

- whether vendors should be entitled to recover their purportedly "consigned" goods (perhaps at a price to the Estate);

- whether inventory must be sold by Debtor "in the ordinary course" through its website, or whether the assets should be liquidated through an "in channel" reseller;

- whether the approximately 24 employees remaining (at an expense of approx. $110,000/mo.) are truly necessary at this point, and how quickly that number should be reduced; and

- whether a strong committee or a chapter 11 trustee would be best for managing the case.

However, the Petitioning Creditors do agree on some important issues as follows.

First, the Petitioning Creditors all agree that a limited trustee should be appointed if a "strong committee" cannot be formed by the UST. The Petitioning Creditors understand that no committee has been formed to date. By the end of the organizational meeting on June 10, 2014, only two creditors had offered to serve (after several creditors withdrew their applications during the meeting).[3] Therefore, appointment of a "strong committee" (*i.e.,* a committee that can effectively oversee the Debtor and represent the creditor body's varied interests on the issues above) is unlikely. Even if a third creditor can be found, some of the Petitioning Creditors are concerned that such a committee would be effective in this unusual case.

---

[3] None of the Petitioning Creditors have agreed to serve on the Committee. Those who were asked to serve have expressed reluctance in light of the contentious relations between the members, and the potential for litigation related to the Committee. For example, pro-Bott creditors have alleged that the case was filed in bad faith for the benefit of Mr. Prentice and further, that the Petitioning Creditors have violated Roderich Bott's "Dr. Bott" trademark by using the name on the involuntary petition and in subsequent filings. Although the Petitioning Creditors have no concern about such unfounded allegations, the Petitioning Creditors do not want to deal with potential litigation over alleged conflicts of interest. Furthermore, the Petitioning Creditors individually do not have significant resources to invest in this case, and they have only been able to pay a small portion of the undersigned counsel's fees and costs. (Counsel intends to file an application for compensation under 11 U.S.C. § 503(b)(3) & (4) for fees and costs related to the prosecution of the involuntary petition and based on the Petitioning Creditors' substantial contribution to the case until a committee or trustee could be appointed.)

Page 3 of 5 – PETITIONING CREDITORS' REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104

McKITTRICK LEONARD LLP
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
www.ML-LLP.com

The Petitioning Creditors all agree that a strong committee or else a trustee is absolutely necessary in this case in order to insulate the Debtor/Estate from potential challenges and to ensure effective administration of the case as they see it – *i.e.,*

- prompt wind-down (or sale) of the business;
- efficient sale of the inventory (possibly through the sale of inventory back to vendors);
- collection of accounts receivable;
- evaluation of preferences and other avoidable transfers;
- auditing of claims asserted by Dr. Bott and his German company; and
- investigation of the alleged claims against Mr. Prentice, Mr. Bott, and the professionals involved in the earlier state court litigation.

Without either a strong committee or a trustee, it is likely that all of the Debtor's actions will be scrutinized and face objection by pro-Bott or pro-Prentice creditors, or by Roderich Bott himself.

As explained in their Motion, the Petitioning Creditors have concerns about the appointment of a trustee. However, these concerns could be alleviated by the type of trustee that the UST appoints. The Petitioning Creditors do not necessarily distrust the Debtor's management team or their financial reporting in the case. Therefore, the Petitioning Creditors do not believe the administrative expense of a new management team is warranted. Because the Debtor is presently paying approximately $200,000 a month (mostly payroll), time is of the essence. The Petitioning Creditors would prefer a trustee that would quickly step in to oversee the Debtor's management – a trustee who will consider management's (and creditors') recommendations while actively directing the prompt and efficient wind-down of the business (including making hard decisions, such as prompt layoffs of employees).

Nearly all creditors in this case are vendors that supplied specialized goods to Debtor – goods that were to remain within a limited stream of commerce to protect the value of the vendors' trademarks. Therefore, the Petitioning Creditors hope that the trustee will consider

**Page 4 of 5 –** **PETITIONING CREDITORS' REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104**

McKITTRICK LEONARD LLP
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
www.ML-LLP.com

creditor-proposed alternatives to selling the goods to a liquidator, such as arranging buy-back arrangements with vendors or efficiently selling the goods to "in-stream" buyers or to specialized sellers that may result in a better price for the Estate while also protecting the vendors' trademarks. In other words, in this case, typical liquidation procedures may not be in the best interests of the creditors, and the trustee would hopefully consider other options.

Furthermore, Petitioning Creditors are worried about the expense of a trustee, particularly if the case was converted to chapter 7. However, the Petitioning Creditors understand that at least some of the panel trustees in this District will agree to hourly-rate-based compensation in chapter 11 cases, not to exceed the formula-based commission under 11 U.S.C. § 326 (a cap that is typically required by the UST). Because Petitioning Creditors hope that the case can be very efficiently administered – particularly with the cooperation of the creditors, existing management, and ideally even Roderich Bott and his counsel – the Petitioning Creditors would be more comfortable with a trustee who would agree to such terms, thus increasing the return to the creditors.

If a strong committee has not been formed by the June 18, 2014 hearing, the Petitioning Creditors will respectfully request that their Motion be granted and that the UST appoints a chapter 11 trustee after considering the Petitioning Creditors' suggestions set forth above.

DATED: June 13, 2014.

      McKITTRICK LEONARD LLP

      By: /s/ Justin D. Leonard
          Justin D. Leonard, OSB 033736
      Counsel for Petitioning Creditors

Page 5 of 5 – PETITIONING CREDITORS' REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104

McKITTRICK LEONARD LLP
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
www.ML-LLP.com

## CERTIFICATE OF SERVICE

      I certify that on the date below, I will cause this **PETITIONING CREDITORS' REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104** to be served on interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following parties requesting notice by mail:

      Eric Prentice
      9730 SW Hillman Ct #600
      Wilsonville, OR 97070

DATED: June 13, 2014.

By: /s/ Justin D. Leonard
     Justin D. Leonard, OSB 033736