Joseph A. Field, OSB # 940710
Field Jerger LLP
Email: joe@fieldjerger.com
621 SW Morrison St. #1225
Portland, OR 97205
Tel. (503) 228-9115
Fax (503) 225-0276
Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Dr. Bott, LLC<br><br>        Debtor. | Case No.: 14-32565-tmb11<br><br>DEBTOR'S JOINDER IN CREDITORS' MOTIONS FOR APPOINTMENT OF TRUSTEE<br>(Relates to Dkts. 14, 46 & 56) |

Under the authority granted it by the Bankruptcy Court in the Amended Order for Relief (Dkt. 18), Dr. Bott, LLC, the debtor and debtor in possession (the "Debtor"), to the extent set out herein, respectfully joins the pending motions to appoint a chapter 11 trustee (Dkts. 14, 46 & 56), (the "Motions"), as well as the petitioning creditors' reply (Dkt 59). The Debtor is better informed on its facts than the Motions' movants, so to assist the Court in evaluating the Motions, the Debtor offers the following points and legal arguments.

1) <u>Authority Exists for the Court to Immediately Appoint a Chpater 11 Trustee.</u>

Section 1104(a)(2) of the Bankruptcy Code provides for the appointment of a trustee if such appointment is in the interests of creditors or equity security holders, and other interests of the estate. The Debtor's managing member Eric Prentice believes that he can better serve

Page 1 of 9
Debtor's Joinder in
Motions to Appoint
Trustee

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225- 0276

creditors' interests as a manager under the supervision of a trustee[1]. This would buffer Prentice and creditors' interests from the acrimony directed towards Prentice at the LLC ownership level. In his capacity as a 25% equity holder in the debtor, Prentice respectfully requests that the Court grants the Motions and orders the US Trustee to appoint a chapter 11 trustee[2].

2) <u>A Chapter 11 Trustee Would Be Better Insulated From The Debtor's LLC Deadlock And Resulting Tensions Than A Debtor In Possession And Its Counsel.</u>

The undersigned Debtor's counsel's best efforts at diplomacy to resolve the acrimony at the Debtor's LLC membership level have failed. In their reply brief at Dkt 59, the Petitioning Creditors complain about delays in the Debtor's filing of its bankruptcy schedules. One of the sources of this delay was the Debtor's counsel's attempt to gain trust from Dr. Roderich Bott ("Dr. Bott") (via his attorneys) by providing him with draft bankruptcy schedules, supporting financial and business records and the additional relevant information he requested and by seeking his participation and consent in Debtor actions, such as approval of the Schedules and Statement of Financial Affairs[3]. This is evidenced by the letter the undersigned Debtor's counsel wrote to Dr. Bott's counsel at the outset of his representation *See Objection to Field Jerger Employment Application,* Dkt. 57, PDF pg. 47; by the Debtor's draft bankruptcy schedules which Dr. Bott attached to his submissions in the Bankruptcy Court (Dkt 39-6) and by Dr. Bott's significant input in the Debtors Bankruptcy Schedules. (Dkt 40). Regretfully, this budding relationship has not yet developed into one which is in the best interests of Creditors. *See* Dr. Bott's 52 page *Objection to Field Jerger Employment Application.* (Dkt 57). The difficulties of

---

[1] Prentice Decl. par. 3
[2] Prentice Decl. par. 4
[3] Field Decl. par. 2

Page 2 of 9
Debtor's Joinder in
Motions to Appoint
Trustee

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225- 0276

the deadlock at the Debtor's LLC membership level are further exemplified by Dr. Bott's 433 page response to the Petitioning Creditors' Motion to Appoint a Chapter 11 Trustee (Dkt 14). Dr. Bott commences his response with the statement that he has no position at this time on the subject motion. He follows his one sentence non-committal response with 432 pages of pejorative against the Debtor's managing member. This is exemplary of the inefficiencies which have undermined the Debtor's counsel's out of court attempts at reconciliation and cooperation with Dr. Bott.

3) <u>Dr. Bott's Known Disputes With the Debtor Will Not Interfere With A Trustee</u>

At this time, from the Debtor's perspective, the known points of contention between Dr. Bott and the Debtor are set out below. A chapter 11 trustee and its counsel will be in a better position to investigate and litigate these issues than the Debtor and its counsel.

| Issue | Debtor's Position | Dr. Bott's Position |
| --- | --- | --- |
| State court litigation should continue. | No | Yes |
| Managing Member Prentice should be removed and Dr. Bott should run the Debtor. . | No | Yes |
| The name "Dr. Bott" and associated good will belongs to Dr. Roderich Bott | No | Yes |
| The Debtor lacks consent to use the name "Dr. Bott" in bankruptcy and owes money to Dr. Roderich Bott or his German company for its use of the name. | No | Yes |
| The Debtor's accounting is fraudulent | No | Yes |
| Managing Member Prentice has manipulated the Debtor and or its accounting for his personal benefit. | No | Yes |
| The State Court Litigation Ruined the Debtor. | Yes | ??? |

Page 3 of 9
Debtor's Joinder in
Motions to Appoint
Trustee

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225- 0276

| Claims Against Insiders Should Be Pursued in the Bankruptcy Court | Yes | ??? |
|---|---|---|
| Peter Jarvis' Ethics Opinion Letter to Joe Field is based on Incomplete Information and Field Should Take Instructions from Dr. R. Bott | No | Yes |

4) <u>Misunderstandings Regarding The Debtor's Business.</u>

While the Debtor supports appointment of a chapter 11 trustee, the Debtor urges caution in the appointment process. The following background facts regarding the Debtor's business shed light on this issue. The Debtor sells accessories for Apple products from approximately 150 suppliers to approximately 750 retailers in specific markets. The Debtor's consumer website is but a small part of the Debtor's business. The Debtor is almost exclusively a wholesale distributor. Many of the Debtor's creditors are small manufacturers of branded products for whom a trustee's liquidating auction or bulk sale would cause irreparable harm. This would result from price erosion on retailers' inventories, damage to products' perceived value in the marketplace, damaged retailer relations and consequential damage to the creditors[4].

The petitioning creditors complain about the Debtor's overhead from its twenty-seven employees. They likely do not realize that the Debtor has cut down its staff from the sixty-four employees it had at the start of the year to its present staff level. Natural attrition from employees leaving a sinking ship should continue to reduce the Debtor's staff levels. The Debtor needs to efficiently sell its product for maximum dollar return in the proper channels of distribution. The Debtor will gladly work with a trustee to help the trustee determine the appropriate staff level required for the trustee's liquidation. The Debtor believes that it can

---

[4] Prentice Decl. par. 4

Page 4 of 9
Debtor's Joinder in
Motions to Appoint
Trustee

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225- 0276

conclude its need for employees by Labor Day, providing that contested inventory issues (consignments, bailments, product returns etc.) can be expediently resolved[5]. In the interim, the Debtor and its management team are sensitive to creditor concerns and have the industry savvy and product knowledge to get the best financial return for their creditors while maintaining the value of the creditors' brands and products in the marketplace[6]. Day to day, the Debtor's staff must solicit orders, process orders, account for orders, pick product from the warehouse, package product, ship product, sweep floors, clean bathrooms, collect accounts receivable etc. In addition to the day to day operations, the Debtor is engaged in the out of the ordinary course wind up activities of cataloging equipment and fixtures in preparation for sale[7]. Given the magnitude and logistics of the Debtor's business, ten more weeks with the Debtor's currently declining staff levels should facilitate the orderly liquidation of the Debtor's assets. A chapter 11 trustee can investigate this issue and proceed accordingly. While no party has requested any due diligence information from the Debtor on purchasing the Debtor as an ongoing concern, four parties have made inquiries and the Debtor is not aware of their present level of interest, if any.[8]

    A trustee providing more than a supervisory and oversight role would lack the industry-specific knowledge and sophistication to handle the Debtor's sensitive business and products in a manner consistent with creditors' concerns. An active liquidation trustee and its auctioneers would likely sell product outside of established channels for distressed prices which would damage creditors, their brands and their downstream retailers. Moreover, the return to the estate

---

[5] Prentice Decl. par. 6
[6] Prentice Decl. par. 7
[7] Prentice Decl. par. 8
[8] Prentice Decl.  par. 9, and Field Decl. pars. 3 & 4

Page 5 of 9
Debtor's Joinder in
Motions to Appoint
Trustee

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225- 0276

from any such distressed sales would be a fraction of the return for market-value based transactions. The delays and costs for a trustee to get up to speed to responsibly to wind up the Debtor without the assistance of the Debtor's managers and employees would grossly outweigh any benefit of a trustee in this case.

5) <u>The Debtor's Management Team is Highly Qualified and Competent.</u>

Eric Prentice, the Debtor's managing member and CEO, founded the Debtor's predecessor as a home occupation. The Debtor's business grew to over $37 million in gross sales with seventy employees. Over the years, Prentice has built strong relationships with the Debtor's suppliers and customers. Prentice is keenly attuned to the Debtor's business and to its creditors' and its customers' needs. As a fiduciary and as soon to be unemployed head of household, Prentice is highly committed to helping efficiently wind up the Debtor[9].

Mark Balsiger, the Debtor's COO, has overseen the Debtor's internal operations while Prentice has overseen its external relationships and business strategy. While Prentice knows the Debtor's products and its customers and suppliers, Balsiger knows the Debtor's management and operations. Balsiger came to the Debtor in 2006 from Columbia Sportswear where he served as the Director of Retail Operations. Despite the litigation headaches and accusations, which do not personally concern him, Balsiger is committed to continue to perform an excellent job for the Debtor through its summer of 2014 final wind up.

The third member of the Debtor's executive team is the Debtor's CFO Mike Williams. Williams is a CPA with professional designations in cost accounting (CMA) and international cost accounting (CGMA). Williams started work at the Debtor in September of 2013. Williams'

---

[9] Prentice Decl. par. 10

Page 6 of 9
Debtor's Joinder in
Motions to Appoint
Trustee

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225- 0276

background includes public accounting, followed by positions at various entities as vice president of finance and CFO. Among Williams' other accolades, Portland's Business Journal named Williams as "CFO of the Year" in 2008. While new to the Debtor, Williams believes in the Debtor and its fiduciary duties and is qualified and willing to help oversee the financial aspects of the Debtor's liquidation.

Final Thoughts and Conclusions

The Debtor's business rose meteorically with the growth and popularity of Apple products. The Debtor's demise is tragic. Creditors are losing money and long term employees are losing jobs. The dysfunction at the LLC ownership level is disabling. Dr. Bott challenges the Debtor's right to use its own name, challenges the Debtor's managing member's authority under the LLC operating agreement and challenges Peter Jarvis' ethics opinion advising the Debtor's attorney to take instructions from its client, the Debtor. Against this back drop, creditors will be best served if the Court orders the US Trustee to appoint a chapter 11 trustee. Likewise, creditors will be best served if the US Trustee appoints an oversight trustee in an administrative and supervisory capacity, as opposed to an operational trustee with a liquidation staff. The Debtor's affairs are complicated and its personnel and management team have the expertise to liquidate the Debtor's assets for the highest and best value. The Debtor's salaried employees know their roles and will work significantly more cost-effectively than a trustee's staff of hourly professionals. The Debtor's executives and staff are committed to cooperating with a chapter 11 trustee and its counsel to liquidate the Debtor in the most efficient manner possible for the benefit of creditors. Without the Debtor's executives and skeleton crew of staff, a bankruptcy trustee will lack the specialized knowledge and industry-specific sophistication to

Page 7 of 9
Debtor's Joinder in
Motions to Appoint
Trustee

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225- 0276

efficiently administer the Debtor's liquidation. For these reasons, the Court should grant the Motions and interested parties conferring with the US Trustee on this topic should make their recommendations accordingly.

Dated: June 16, 2014.

                                                 /s/ Joseph A. Field
                                                 Joseph A. Field, OSB # 94071
                                                 Field Jerger LLP
                                                 Email: joe@fieldjerger.com
                                                 621 SW Morrison St. #1225
                                                 Portland, OR 97205
                                                 Tel. (503) 228-9115
                                                 Fax (503) 225-0276
                                                 Attorney for the Debtor

Page 8 of 9
Debtor's Joinder in
Motions to Appoint
Trustee

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225- 0276

CERTIFICATE OF SERVICE

I certify that on the date indicated below, I served the foregoing submission on all parties of record who have registered for notice with the Court's CM/ECF electronic filing system.

Dated:  June 16, 2014

/s/ Joseph A. Field
Joseph A. Field, OSB # 94071
Field Jerger LLP
Email: joe@fieldjerger.com
621 SW Morrison St. #1225
Portland, OR 97205
Tel. (503) 228-9115
Fax (503) 225-0276
Attorney for the Debtor

Page 9 of 9
Debtor's Joinder in
Motions to Appoint
Trustee

Field Jerger LLP
621 SW Morrison St. #1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225- 0276